FILED
CLERKS OFFICE

Robert    Pecci __    }    Plaintiff's Memorandum in opposition
— Plaintiff                    To    Defendant's Motion To Dismiss
                                        U.S. DISTRICT COURT
                                        DISTRICT OF MASS
                            Docket No:
                            1:04-CV-10906-RWZ

The    Plaintiff    respectfully    submits    this memorandum
in    opposition    to    defendants    motion    to    dismiss.

## Procedural    History & Statement of Facts

On    5/4/2004,    The    Plaintiff    filed    the    instant case
in    this    Honorable    Court.    On    6/23/2004,    This    Court
issued    Summons    for    each    of    the    three    defendants.
Defendant    Peter    Huthines    ["Pete"]    was    served
on    7/13/2004,    and    Defendants    BFI,    and    Gino
Dugan.    It is    unclear    when    The    answer    period
expired    for    Pluto    waterued.    However,    the
Plaintiff    was    served    all    part    and    waterued,
thereby    providing    for    defendant    to    court.
No    evidence    was    ever    filed    and    attached.
On    or    about    August    3, 2004,    The    Plaintiff
received    a    full    and    complete    transcript
of    the    statement    of    Peter    Huthines
["Exhibit 2"]    attached    hereto,    which    wherein
a    record    statement    from    Peter    Huthines
Defendant    William    Dury    of    the    [then]

May 10, 2002, at 11:23 pm regarding his involvement in the events of the cause of action in the instant suit. The following quotations, are excerpts of the statement:

¶ 165: DUNN: Before we go any further, you work for BFI?

¶ 166: Pete: I work for BFI.

¶ 167: DUNN: The reason for you being in that area was you were delivering a dumpster?

¶ 168: Pete: I was on a return.

¶ 173: Dunn: All right, but you were working?

¶ 174: Pete: In the area.

¶ 175: Dunn: For BFI

¶ 176: _____: Yep.

¶ ___: _____: at approximately 9:45 am, can you ___ __ _____ __ _____?

¶ ___: _____: I ____ ___ __ __ ___ ___ _____ ___ ___ ___ __ _____ ___ _____ __ ___.

¶59: Cann: In your truck?

¶60: Peter: In my Truck

¶11: Quan: Okay, can you tell me while you were waiting for the light what you observed.

¶12: Peter: There was another vehicle, the beige Honda was in the right hand lane.

¶13: Quan: Was he just a little bit ahead of you?

¶14: Peter: Just a little bit ahead of me on my right.

¶15: Cann: what did you observe then?

¶16: Peter: I saw the SUV ran the _____ _____ the Honda.

¶23: Cann: And then what happened?

¶___: ___: He [_____] pulled up _____ _____.

¶___: ___: _____ _____ _____ _____ _____ SUV _____ _____ _____ _____ SUV _____

¶ 48: Dunn: All right and what happened?

¶ 50: Pete: Well the driver of the Honda that they just pulled us for out of his vehicle

¶ 55: Dunn: Okay. Let me stop you there, where are you at this point?

¶ 58: Pete: I'm ___ at the light.

¶ 59: Dunn: In your truck?

¶ 60: ___ Be at that

¶ 62: ___

¶ 64: Dunn: ___ reported ___ you going in the area ___ you were ___ a dumpster?

¶ 167: Pete: ___

¶ 169: Dunn: Of flying on a dumpster

¶ 170: Pete: And you dumped it.

¶ 172: Pete: And I was bringing it back

¶ 62: Pete: [But I couldn't] cause I ___ not get ___ ___ information

¶ 73: Pete: I wiped out on my truck ___ And I ___ ___ I ___ ___

___: Dunn: And you [Assault and battery] ___ driver [___] ___ the ___.

¶78: Pete: Right

¶80: Pete: I grab the driver of the SUV (Plaintiff)

¶82: Pete: I [said] [get] move your vehicle [car] out of the way ....

¶82: Pete: I says [to the plaintiff] ... get out of here!

¶85: [unc]: Did he say anything to you?

¶85: [unc]: No

¶85: Pete: [the plaintiff] said we found my brother ... [?]... And the next thing you know, he was driving around, [?] ... [?] ... SUV into us or the place.

¶85: Pete: ... and when the driver on the SUV got [?]... [?] ... behind and [?]... to [?]... he [?]... me. My partner and I [?] ... him.

¶88: [unc]: P ... I ... a [?] ... using the plain ... [?] ... I ... an interpreter?

¶100: Pete: ... [illegible] ...

Det. Dunn: All right, let me give you here now.
As you told me through the total Gedney
you told me earlier that you intended
to see police officer.

Peters: yes

Det. Peters: Standing there doing a detail, they
had their half on the Dartmouth Street there,
...

...there already...

...frankly to free mail.

Det. Peters: Fairly close

...

120. Pete: he started going to...

...when he pulled over...

Det. Dunn: where did he pull over?

...there was...

¶ 126: ____ ___.

¶ ___: ____. And __ ___ ___ ___ I ___ ___ ___
___ ___ ___. And ___ ___ ___ ___ ___ ___
I ___ my ___ ___ ___ ___ ___
middle __ ___ ___. And ___ ___ ___
___ ___ ___ ___ ___ ___
___ ___ ___.

¶ ___: ___ what did you ___ ___ ___?

¶ ___: ___. I ___ ___ ___ ___ ___ ___ ___
___ ___ ___ ___ the *driver* __ *trying*
to ___.

¶ 143: ____. And ___ did __ ___ ___ ___?

¶ 146: ____. he ___ __ to ___ the ___,
___ ___ ___ ___ ___ ___ *him*.

¶ ___: ___. ___ ___ ___ ___ ___ ___
___ ___ ___ ___ ___ ___
___ ___ ___ ___ ___ ___
up the ___ ___ ___ ___ ___
___ ___ ___ ___ *who* ___ ___
___ ___ ___ and ___ ___ ___
___.

¶ ___: ___ ___ ___ ___ ___ ___ ___ ___



The Defendant has moved the court to dismiss pursuant to [illegible] and/or [illegible]. The Defendant requested oral argument pursuant to Local [illegible] for disposition of the motion to dismiss.

## Argument

I. Defendant HUTCHINGS ...
... occurred within the ...
... And Therefore Defendant ...
is not entitled to ...
...

A. ... his claim ... must be ...
... _Brady v. Maryland_ ...
... Further, ...
of a ...
...
...
...
...
was retained ...
...
...

II. ...
...
...
...
...
...
...

an employees conduct ___ ___ ___ ___ the scope of his employment. The Supreme Judicial Court of Mass. has considered the following three factors: [1] whether the conduct at issue is the kind he is employed to perform, _____ _____ ___ ___. Co., 388 Mass 3__ 5__ (1997), if it occurs substantially within the authorized time and space limits, Wallavant v. Armour Co., 200 Mass 4__ 4__ __ __ (19__), and if it is motivated, at least in part by a purpose to serve the employer, Donahue v. Vorenberg, 227 Mass 1, 5 (19__), McKeeveJ v. ___ ___ 212 mass. 17, 20 (19__). See Restatement (second) of Agency § 2__ (19__), Wang Lab, Inc. v. Business ___ ___ ___, 398 Mass. 854, 858 (198_).

In examining the third portion of the standard, whether the employee's tortious conduct is motivated, at least in part, by a purpose ___ ___ ___ ___ ___ ___ ___ ___ focused on the relationship between the ___ activities and the ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ mass. Courts that ___ ___ ___ ___ If an employee's tortious conduct was ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

to perform his duties, courts have generally
found that the employees ability to perform
his duties, courts have generally found that
the employee was acting within the
scope of his employment. <u>Id</u>.

This issue of an employees motivation in
committing an intentional tort was squarely
addressed by the Massachusetts Supreme
Judicial Court in <u>Miller v. Federated</u>
<u>Department Stores Inc.</u> 364 Mass 340
(1973). In <u>Miller</u>, the court reasoned the
crucial inquiry in determining whether an
employee is acting within the scope of
his employment ... whether the employees
intentional tort was in response to the
plaintiffs conduct which was presently
interfering with the employees ability to
perform his duties <u>successfully</u>. This
interference may be in the form of an
affirmative attempt to prevent an employee
from carrying out his assignments, as in the
<u>Levi</u> and <u>Rego</u> case ... if ... in the failure
to do acts necessary to enable the employee
to begin or continue his assignment
as in the ... <u>Miller</u>, 364
Mass at 350.



Therefore the [illegible] and [illegible]

Furthermore the court could [illegible]
[illegible] of the [illegible] the a jury could return
a [illegible] verdict for the [illegible]
based on [illegible] conduct [illegible]



as stated in ¶ 14 of the ...

... are fruits ... the ... ... the ... ¶ 8. The fruits although the fruits are ... ... and claim ... ... ... the ... ... the ... that retained ...

... that ... ... course and scope of employment although for the purpose of deciding this motion the fruits are ...

Because of the facts stated heretofore, including but not limited to ... as in his statement, dismissal of any ...of the Plaintiff's ... ... ... ... without further discussion.

**Defendants are not entitled to dismissal because Peter Hutchings did ACT Under the color of state law**

Peters actions in the case at bar clearly meet the public function test in a suit under 42 USC §1983. The doctrine that a private citizens actions constitute state action if the private person performs functions that are of a tradition reserved to the state, Blacks Law Dictionary and Peaceful edition, Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 (1974).

In the instant case, peter, a private citizen, was frustrated by the fact that the Plaintiff's SUV was harassing Peter from completing his immediate work relating to this [illegible] dump site. However, Pete did not wait for a Boston Police Officer or state law enforcement official [illegible] decided to take matters in to his own hands, thereby assuming a private [illegible] and [illegible]

officers. The fact that by here by his own
admission, he followed the Plaintiff,
harassed numerous others (¶¶ 94,95-1107,
and opted not to break off his chase
upon initially seeing officers (¶ 111—114)
that in his own estimation were north
those that were continue following the
Plaintiff, and ultimately, by his own
admission (¶101) "exited his truck in
the middle of the highway on a Friday
night as it neared a police cruiser
and ... ... ... ... in what
... ... ... in what
... ... ... an attempt
to apprehend the plaintiff on a ...
The Police ... plaintiff ... ...
supports the plaintiff ... that
here ... private ...
... ...
... ...
was acting towards the plaintiff
... ...
the ... ... Taylor ... ...
at ___.

... ... ... received
... ... ...
... ... ...

on the Plaintiff said _____ and ___ Para licensed by the Plaintiff constitutes _____ _____ wherein the frauds are additional _____ _____ required.

Para 5) he ___ ___ admission _____ _____ ___ ___ a police officer _____ to ___ he ___ _____ informed him to ___ another _____ Sergeant to inform him of _____ The officer _____ have used _____ _____ _____ _____ _____ _____ for ___ to intimidate Sergeant _____ ___ due to the fact _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____

Para 6) ___ ___ ___ _____ _____ ___ ___ this ___ advise _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ This _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____

aside for pete to the corner, and
pete admitted to leaving his partner
Three of the street, where in Boston
_____ Sunday night could not lawfully
park a vehicle _____
_____. The _____
_____ toward private
_____ the Plaintiff's claim of
"joint participation in the challenged
activity." Burton v. Wilmington Parking
Auth., 365 U.S. 715, 725 (1961).

I+ is clear that the plaintiff has
shown a relationship sufficient
together or between the State and
private individual _____.
Vendrella Construction v. Liberto,
1989 U.S. _____

It is also clear that the Plaintiff
has demonstrated _____
private (C(S)) acting _____
action of _____
that are _____
Jackson _____
administered to _____

to wit, when Pete stored [I provided] the driver (¶ 74) and then [teach] [in place] [the ???], [he] shot the driver of the [???] (¶ 73) and controlled by Pete (¶ 76-78) [therefore] [suggests] that there was an obvious relationship or nature of [coordination] between the [State] and [Pete]... in [some] [detail], Vorlassio, supra.

Therefore, for all the foregoing reasons, the Defendant Pete was clearly acting "under color of state law" towards the Plaintiff and this ground for dismissal must be <u>denied</u> without further discussion.

II    This court has personal jurisdiction
of of Mr. Van Weelden Therefore the
defendant is not entitled to dismissal
pursuant to Fed Civ.P. 12 b 2.

The Defendant Van Weelden (CEO)
is the CEO of BFI and is
responsible for the promulgation
of corporate policies, procedures, and
customs. It is the Plaintiffs position
that the "Massachusetts Long-arm statute"
does not apply in diversity cases.
However, in the originals, on page
5, footnote 4 of the Defendant's motion,
it clearly states that "A court may
exercise personal jurisdiction over a
person, who acts directly or by an agent
as to a cause of action in law or
equity arising from the person
transacting any business in this commonwealth

It is well settled that BFI conducts
business in the commonwealth it is
also well settled that BFI officers
Head quarters and personnel are extremely
_____
_____
_____ is conducting

business    and    deriving    revenue from
The   Revere, MA ,    BFI   location. The constitution
only    requires "minimum contacts" with the
U.S.    as  a   whole , rather than with a
particular    forum state (ie Massachusetts).
Cook   v.  McLaughlin      F. Supp.

Therefore,  it is   clear  that  the MA.
Long Arm statutes   criteria  has been met, as
per   MaidFlow Corp.  v.  Simcon
as   has   the   Due Process  requirements,
Cook, supra.

The   Defendants   motion   repeatedly states that
CEO is   not   the  CEO  of  the BFI.
However,   this   is   a   very  clear and
transparent   attempt   to  deceive  this
court.  My own  Counsel  repeatedly states
that   I   misspelled   his   name, and
all   defendants  are  represented  by
one  counsel.  Third,  the  plaintiff  has
under

These issues must be a [illegible]
is possible that a jury could return a
favorable verdict for the plaintiff.

For all the foregoing reasons stated
heretofore, CEO is not entitled to
dismissal pursuant to FRCvP 12(b)(2),
and this ground for dismissal
must be _denied_ without further discussion.

II.   AS to Defendant Van wheelden, and Gina
Defendant is not entitled to dismissal
pursuant to F.R.Cu.P. 12 b6 for the
failure to state a claim as it relates
solely to the theory of Respondeat Sup.

The Doctrine of Respondeat Superior
holds an employer of _____ the CEO)
liable for the _____ of employ
_____
_____

_____ it is not now
reasonabl in dispute _____ _____
were committed within the course
employment and the CEO is liable
under the doctrine of Respondeat Superior,
of as Gina Peter _____ _____
This claim must be denied as
moot without further discussion.

Defendants Sina, USA, and FBI are
to be held vicariously liable for
Peez alleged actions.

Plaintiff hereby incorporates all statements made herein.
Once again Peez's actions were
under the scope of employment.
The Defendants Sina, USA
are responsible for the actions of
their employees and are reasonable
for their actions when they did
or should have never should have
acquired releasement of the
Therefore the Plaintiff holds the
under fed civil law as their
aforementioned acts of conspiracy
amount to a breach of liability
liability. The constitutional rights
of the Plaintiff. Federal Rodriguez v. Russo court
which held liable the
Peez's conduct to a breach in prejudice
to the Supreme court 5th 8th
conduct
act of omission
did



# CONCLUSION

For ALL THE FOREGOING reasons all the , Defendants suspect remitted to dismissal pursuant to Fed. R. Civil. Procedure or 12 b(6) as no 28) Counts.

Therefore the defendants Motion to Dismiss must Be

## DENIED without

further discussion.

I HEREBY that this document has been served upon all parties of record by conference call.

_H. P._

Respectfully Submitted,
_H. P._

Robert Ricca
Pro Se
Plaintiff
28 Main Avenue
Bedford, MA