U.S. DISTRICT COURT
DISTRICT OF Massachusetts

| | |
|---|---|
| Robert David Beckley<br>— Plaintiff<br><br>v.<br><br>Browning Ferris Industries, et al<br>— Defendants | MOTION TO STRIKE<br>Defendants' motion to strike plaintiff's motion to Amend Judgement Demands<br>• Request for sanctions<br><br>04-10906-RWZ |

FILED
2004 DEC -9 P 1:
U.S. DISTRICT COURT
DISTRICT OF MASS

<u>Now comes</u> the Plaintiff, Robert Beckley, and hereby moves this Court to strike defendants' "motion to strike plaintiff's motion to amend judgement demands" pursuant to FRCvP 12(f) as the motion is immaterial, impertinent, and made solely with the intent to Vex, Harrass, and Delay while resulting in increased unnecessary litigation expenditures, and should impose sanctions pursuant to FRCvP 11(c) for violating FRCvP 11(b)(1) and award the Plaintiff $1,000 for costs associated with the preparation of this motion.

In support thereof, the plaintiff states as follows:

1. The plaintiff filed a motion to amend his judgement demands solely as to the claims where he initially stated he would name the exact dollar figure of his demands at the time of trial.

2. The plaintiff decided that there was no rational reason to withhold his demands in the motion.

3. Although, it is clearly within the discretion of the plaintiff to amend his monetary demands at any time up up to, and including the time of trial, the plaintiff did seek permission by way of his motion.

4. However, the defendant has shown a propensity to file frivolous motions to strike now on numerous occasions.

5. The defendants state in ¶ of their motion that "Plaintiff articulates no factual or legal basis to substantiate his "MOTION TO Amend Judgement Demands".

6. As stated above, the plaintiff is not required support his amendments to judgement demands.

7. The defendents motion is frivolous, and contains no factual or legal basis to substantiate the draconian relief sought nor cites any relevent case law.

8- Notwithstanding the principal set forth above, it is well settled that "leave to amend pleadings shall be freely given when justice so requires. (Fed Rule P. 15a). See Martinez v. Wolfersader 997 F.Supp 192 (D.Mass 1998).

9. As clearly the Defendants suffer no harm from the Plaintiff (who is proceeding pro se) naming the specific dollar amount, and fail to assert any in the remotion to strike, it is clear that their motion is intended to vex, harrass, and delay the proceedings and to increase the cost of litigation in violation of FRCuP 11 (b) (1)

10. Therefore, their motion must be stricken, and this court should impose sanctions against the defendant pursuant to FRCuP 11(c) including but not limited to payment if $1,000 to the plaintiff for costs associated with the preparation of this motion.

Wherefore, the Plaintiff, having shown good cause moves this Court to strike Defendants "Motion TO STRIKE PLAINTIFFS MOTION TO AMEND JUDGEMENT DEMANDS" pursuant to FRCuP 11 (b)(1) and award the plaintiff costs in the amount of $1,000.

Signed This the 6th day of December 2004

Respectfully Submitted,

*[signature]*

Robert Beckley, Pro Se
Plaintiff
c/o 277 Concord RD
Bedford, MA 01730

---

Service

This document was served upon all counsel of record in compliance with FRCvP 5(a)+(b) on this date

*[signature]*