UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DAVID BECKLEY,<br>    Plaintiff,<br><br>v.<br><br>BROWNING FERRIS INDUSTRIES<br>("BFI") OF NORTH AMERICA,<br>THOMAS H. VAN WEELEN CEO BFI OF<br>NORTH AMERICA, IN HIS<br>PROFESSIONAL AND INDIVIDUAL<br>CAPACITIES, PETER HUTCHINGS,<br>TRUCK DRIVER BFI, NORTH<br>AMERICA, IN HIS PROFESSIONAL<br>AND INDIVIDUAL CAPACITIES,<br>GINO DUGAN, BFI GENERAL<br>MANAGER IN HIS PROFESSIONAL<br>AND INDIVIDUAL,<br>JOHN DOE,<br>    Defendants | DOCKET NO: 04-10906-RWZ |

**DEFENDANT PETER HUTCHING'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Now comes the **Defendant, Peter Hutchings,** the only remaining defendant in this action, and respectfully request this Honorable Court to deny **Plaintiff's "Motion for Leave to File an Amended Complaint".**

As reasons for this motion, the Defendant states the following:

1.   Plaintiff articulates no factual or legal basis to substantiate his "Motion for Leave to File an Amended Complaint" and it cannot be determined from plaintiff's motion what the proposed amendment consists of or why the proposed amendment is sought.

941518v1

2.     On March 2, 2005, this Court granted Defendants' Motion To Dismiss, which resulted in counts 2, 3, 4, 5, 7 and 8 against Defendant, Peter Hutchings, being the only surviving claims in this action.

3.     It is well accepted that a plaintiff's motion to amend should be denied if there is undue delay, bad faith, dilatory motive, or the amendment is futile.  <u>Grant v. News Group Boston, Inc.</u>, 55 F.3d 1, 5 (1st Cir. 1995).  As the plaintiff has not stated a single reason for amending the Complaint, and it is unknown the content of the proposed amendment, one cannot ascertain what the purpose of the proposed amendment is.  However, given the surviving claims, the proposed amendment to "include a statement given to the Boston Police by Defendant, Peter Hutchings. . ." would certainly be futile.

4.     In light of the facts already plead and the procedural history of this case, there is no benefit to the Plaintiff in amending the Complaint and it can only result in delaying this action against Hutchings.

5.     One may reasonably speculate that the proposed amendment to the Complaint stems from this Court's allowance of the Motion to Dismiss.  Plaintiff had sufficient opportunity to address any proposed amendment in his opposition to the Motion to Dismiss, but chose not to do so.  In the event this may be possible, Plaintiff's unnecessary delay should not be permitted.

WHEREFORE, **Defendant, Peter Hutchings** respectfully request this Honorable Court to Deny Plaintiff's Motion for Leave to File an Amended Complaint.

Defendant,

**Peter Hutchings,**

By his Attorneys,

/s/ *Judith A. Leggett*
Lee Stephen MacPhee BBO#312400
Judith A. Leggett BBO #635346
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

**CERTIFICATE OF SERVICE**

I certify that this document has been served upon plaintiff in compliance with F.R.C.P. by mailing a copy this 17th day of May, 2005 to:

Robert David Beckley
c/o Karen Beckley
277 Concord Road
Bedford, MA  01730

/s/ *Judith A. Leggett*
Judith A. Leggett