UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DAVID BECKLEY,<br>　　Plaintiff,<br><br>v.<br><br>BROWNING FERRIS INDUSTRIES ("BFI") OF NORTH AMERICA, THOMAS H. VAN WEELEN CEO BFI OF NORTH AMERICA, IN HIS PROFESSIONAL AND INDIVIDUAL CAPACITIES, PETER HUTCHINGS, TRUCK DRIVER BFI, NORTH AMERICA, IN HIS PROFESSIONAL AND INDIVIDUAL CAPACITIES, GINO DUGAN, BFI GENERAL MANAGER IN HIS PROFESSIONAL AND INDIVIDUAL, JOHN DOE,<br>　　Defendants. | DOCKET NO: 04-10906-RWZ |

**DEFENDANT PETER HUTCHINGS' MOTION TO DISMISS**

Now comes the Defendant, Peter Hutchings ("Hutchings"), the only remaining defendant in this action, and respectfully request this Honorable Court to dismiss this Action and enter judgment for the defendant for the failure of the plaintiff to prosecute this Action. In support of his Motion, the defendant incorporates herein the Affidavit of Judith A. Leggett and further states as follows:

**FACTS**

1.　In his Complaint, the plaintiff alleges that he was involved in a motor vehicle accident on May 10, 2002, which was witnessed by Hutchings, whom the

1008766v1

plaintiff alleges threatened him and that the plaintiff being subsequently shot and arrested by an officer of the Boston Police Department were attributable to Hutchings allegedly violating the plaintiff's civil rights.

2. At the time the plaintiff filed his Compliant, he was incarcerated in a Federal Penitentiary for a conviction unrelated to this actions. The plaintiff provided the address, C/O Karen Beckley, 277 Concord Road, Bedford, Massachusetts 01730, for correspondence while he was incarcerated. The address provided is believed to be the residence of the plaintiff's mother.

3. By letter dated November 6, 2005, the plaintiff informed defendant's counsel that he would be released from prison on December 1, 2005, and would contact the defendant's counsel thereafter. (See Affidavit of Judith A. Leggett).

4. On December 27, 2005, the plaintiff contacted defendant's counsel by telephone to discuss this Action. (See Affidavit of Judith A. Leggett). During this conversation, the plaintiff informed the defendant's counsel that he had been released from prison, however the plaintiff stated he had to stop the conversation short and that he would call back the next day to continue the conversation.

5. Subsequent to the December 27, 2005 telephone conversation, to date, the plaintiff has not made any contact with the defendant's counsel. Plaintiff has also failed to provided the defendant's counsel with a telephone number or a new address which would allow the defendant's counsel and the Court to contact him. (See Affidavit of Judith A. Leggett).

6. On May 16, 2006, the defendant's counsel sent a letter to the plaintiff requesting his dates of availability to schedule a status conference with the Court. (See,

1008766v1

Affidavit of Judith A. Leggett). In response to this letter, the defendant's counsel received a telephone call from a woman who claimed to be the plaintiff's mother, Karen Beckley. Plaintiff's mother informed the defendant's counsel that the plaintiff had been residing at a halfway house after his release from prison and that he fled the halfway house three months prior to the date he was to be released from the halfway house, and that his whereabouts are unknown. (See Affidavit of Judith A. Leggett). The plaintiff has not contacted defendant's counsel since December 27, 2005, nor has he proceeded with his action against defendant.

## ARGUMENT

### I. The plaintiff's Complaint should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Under Federal Rules of Civil Procedure Rule 41(b), a defendant may move for dismissal of an action or of any claim against the defendant for the failure of the plaintiff to prosecute. FED. R. CIV. P. 41(b). "In the First Circuit, a dismissal for failure to prosecute will be upheld where there is 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Schofield v. Maloney et al., 2000 U.S. Dist. LEXIS 3782 quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987). In the case at bar, this action was filed by the plaintiff over two years ago and has remained stagnate as to the defendant due to the plaintiff's incarceration.[1] Subsequent to his release from prison, plaintiff fled the halfway house, which is assumed to be a pre-release program, and failed to notify defense counsel, the Court, and even his mother, as to how he may be contacted. It is assumed that if and when plaintiff is located, he may be reincarcerated

---

[1] Plaintiff has filed many motions in this matter, however the majority of them concerned his actions against other defendants which were dismissed.

3

due to his flight from the half-way house. The delay in this action caused by the plaintiff's incarceration followed by his unknown whereabouts create an aggravating circumstance.[2] Plaintiff's choice to disappear effectively prevents the defendant from defending the lawsuit against him. Without knowledge as to how to contact the plaintiff, there can be no defensive actions, no discovery from the plaintiff, no mediation, no settlement and no trial. As a result of the plaintiff's failure to prosecute this action, the Complaint should be dismissed, and judgment entered on behalf of the defendant.

**II.     The plaintiff's Complaint should be dismissed for failure to comply with Local Rule 83.5.2(e).**

Local Rule 83.5.2(e) for the U.S. District Court District of Massachusetts states:

> "Change of Address. Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of failure to mail delivery."

In <u>Schofield v. Maloney et al.</u>, the plaintiff filed his Complaint while he was in prison. Upon his release, the plaintiff filed a Notice of Change of Address with the Court. The defendants attempted to serve the plaintiff at the new address, but service was returned with a notation that the plaintiff had moved without leaving a forwarding address. The Court ruled that it would be unable to warn the plaintiff of its intention to dismiss his Complaint without a correct address. The plaintiff's Complaint was dismissed for failure to comply with Local Rule 83.5.2 requiring notification of

---

[2] The circumstances are further aggravated by the fact that due to plaintiff's choice to flee from the halfway house three months to his release, he will probably be reincarcerated upon being located.

whereabouts as well as failure to comply with a court order under FED. R. CIV. P. 41(b). Schofield v. Maloney et al., 2000 U.S. Dist. LEXIS 3782.

The pro se plaintiff in this case directed correspondence to be sent C/O Karen Beckley while he was in prison. Prior to his release from prison, the plaintiff received correspondence sent to him via these means and responded to same. Since his release from prison, it is believed the plaintiff has chosen not to receive correspondence at the address provided, and he has not responded to correspondence sent to this address. Although the plaintiff is not receiving correspondence at this address, he has not filed a Notice of Change of Address indicating a new address where he is able to receive correspondence. The plaintiff has not notified neither the Court nor the defendant of his whereabouts and therefore, his Complaint should be dismissed.

WHEREFORE, for the reasons set forth above, defendant, Peter Hutchings respectfully requests that this Honorable Court dismiss the claims against Peter Hutchings and enter judgment in favor of Peter Hutchings.

Defendant,

PETER HUTCHINGS,

By his Attorneys,

/s/ *Judith A. Leggett*
Lee Stephen MacPhee BBO#312400
Judith A. Leggett BBO #635346
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

5

1008766v1

## CERTIFICATE OF SERVICE

I certify that this document has been served upon plaintiff in compliance with F.R.C.P. by mailing a copy this 19th day of June, 2006 to:

Robert David Beckley
c/o Karen Beckley
277 Concord Road
Bedford, MA  01730

Being the last address provided by plaintiff, Robert Beckley for service.

/s/ *Judith A. Leggett*
Judith A. Leggett